Filed 1/10/25  P. v. Holtzen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | C098250 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CR1805) |
| v. | |
| ANDREW SCOTT HOLTZEN, | |
| Defendant and Appellant. | |

Defendant Andrew Scott Holtzen appeals the trial court's denial of his motion to represent himself (see *Faretta v. California* (1975) 422 U.S. 806).  He argues his request was timely and unequivocal.  The People concede the error.  We reverse.

1

BACKGROUND

As the underlying facts of the charged crimes have no bearing on the issues presented on appeal, we do not recite them here. An information charged defendant with two counts of sodomy by force (Pen. Code, § 286, subd. (c)(2)(A))[1] and injury to a spouse or cohabitant (§ 273.5, subd. (a)). The information also alleged defendant had suffered one prior strike. Defendant initially pleaded not guilty to all charges.

Eight days prior to trial, during a trial readiness hearing, defendant made an oral motion to represent himself pursuant to *Faretta* and provided the court with an executed form petition to proceed in propria persona. Defendant also prepared but did not file a "Notice of Motion and Motion to Invoke My 6th Amendment Right to Self-Representation," citing *Faretta*.

The following colloquy took place between the trial court and defendant:

"THE COURT: [S]ir, you understand that there is an old saying in the law that an attorney who represents himself has a fool for a client. Have you ever heard that before?

"THE DEFENDANT: Yes.

"THE COURT: And if that's the old saying as to an attorney, with a legal degree and experience, how much worse off is it for someone who is not an attorney to represent himself?

"THE DEFENDANT: God only knows, sir. I have all the paperwork already signed out for you right here."

"THE COURT: [S]ir, I've been provided with a Petition to Proceed in Pro Per, otherwise known as a *Faretta* waiver form. Did you sign these forms?

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: And did you place your initials next to statements on this form?

---

[1] Further undesignated statutory references are to the Penal Code.

2

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: By so doing, were you acknowledging that you read and understood the statements that you initialed?

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: One of the statements is: 'The crimes with which I am charged' -- this is No. 8 – 'is or are general or specific intent crimes.' [¶] Do you understand the difference between a general intent crime and a specific intent crime?

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: Do you know whether the crime you're charged with is a general intent crime or a specific intent crime?

"[THE DEFENDANT]: Specific.

"[THE COURT]: I recall sodomy is a general intent crime. Do you understand that if you're represented by counsel at a trial, and your attorney screws up and does something makes an error that results in you being convicted of the offense, you understand that you can appeal on the basis of those errors? Do you understand that?

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: Do you understand that if you're representing yourself and you make mistakes, legal mistakes, and that results in you being convicted, do you understand that you cannot appeal any mistake you make yourself?

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: You understand that you will be required to follow all of the rules of evidence?

"[THE DEFENDANT]: Yes.

"[THE COURT]: Are you familiar with the Evidence Code?

"[THE DEFENDANT]: Yes.

"[THE COURT]: Do you understand what hearsay is?

"[THE DEFENDANT]: Yes.

3

"[THE COURT]: Tell me what hearsay is.

"[THE DEFENDANT]: Bickering, nonsense. Hearsay.

"[THE COURT]: Yes. I'm asking you to give me what a definition of hearsay is. Can you are you familiar with the term 'relevance'?

"[THE DEFENDANT]: Yes.

"[THE COURT]: Do you understand that only relevant evidence is admissible at trial?

"[THE DEFENDANT]: Not gossip, yes.

"[THE COURT]: So, for you, your definition of 'relevance' is, it's information that is not gossip?

"[THE DEFENDANT]: Yes.

"[THE COURT]: I understand that, based on your form that you filled out here, that you graduated or you went to Oakridge High School.

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: That you did special education in K through 12?

"[THE DEFENDANT]: Yes, sir.

"[THE COURT]: And ultimately you received a GED.

"[THE DEFENDANT]: Yes, your Honor.

"[THE COURT]: Do you have any post-high school education?

"[THE DEFENDANT]: No.

"[THE COURT]: Do you know what your exposure is in this case, what the potential sentence could be?

"[THE DEFENDANT]: Twenty years. Eighteen. Something like that.

"[THE COURT]: But you don't know for sure?

"[THE DEFENDANT]: Pretty sure it's 18.

"[THE COURT]: Are you familiar with Penal Code section 654?

"[THE DEFENDANT]: Yes, your Honor.

4

"[THE COURT]: Tell me about Penal Code section 654 and how that might relate to your case. Can you tell me the legal implications of it?

"[THE DEFENDANT]: That if found guilty, I will have to serve my time."

Defense counsel then told the trial court, based on the report of a court-appointed doctor, he believed defendant was competent to stand trial under section 1368. However, he encouraged the court to deny the *Faretta* motion because the sensitive nature of the charges, defendant's exposure to a long sentence, the unique subtleties of a "sex case," and that he "couldn't imagine putting an attorney, a licensed attorney, with this as their first jury trial, let alone a civilian."

In ruling, the trial court recognized defendant's desire to represent himself. The court also recognized that defendant had the right to do so, even to his detriment. However, the court expressed concerns regarding defendant's competence to represent himself, despite having "no information the defendant is not competent to stand trial." Based on the court's brief questioning of the defendant regarding his understanding of court procedures, nature of the charges, and the rules of evidence, the court did not believe defendant was "competent" to represent himself. The court denied defendant's *Faretta* motion without prejudice and set the matter for a continued readiness hearing a week later.

Defendant subsequently pleaded no contest to all charges and admitted the prior strike conviction. The court sentenced defendant to an aggregate sentence of 24 years in state prison.

## DISCUSSION

"A defendant has a federal constitutional right to self-representation if he or she voluntarily and intelligently so chooses." (*People v. Thomas* (2023) 14 Cal.5th 327, 397, citing *Faretta v. California, supra*, 422 U.S. at pp. 835-836.) "When a defendant makes a timely and unequivocal request for self-representation, and does so knowingly, voluntarily, and intelligently, a trial court must grant the defendant's request." (*Thomas*,

5

at p. 397.)  When a defendant requests self-representation, the trial court must determine both (1) that the defendant is competent to waive the right to counsel, that is, the defendant has the ability to understand the proceedings and the dangers and disadvantages of self-representation, and (2) that the defendant's decision to forgo the assistance of counsel is knowing and voluntary.  (*Godinez v. Moran* (1993) 509 U.S. 389, 400-401.)

"The question whether the defendant's assertion of the right to self-representation and waiver of the right to counsel was knowing and intelligent is reviewed de novo." (*People v. Orosco* (2022) 82 Cal.App.5th 348, 358, citing *People v. Marshall* (1997) 15 Cal.4th 1, 24.)  "A trial court's determination regarding the defendant's competence to represent himself is reviewed for substantial evidence."  (*Orosco*, at p. 358, citing *People v. Johnson* (2012) 53 Cal.4th 519, 531.)

In this case, the record reflects that the trial court denied defendant's *Faretta* request because defendant incorrectly answered legal questions regarding his case and did not know the law.  This is not the correct measure of "competence" when making this particular determination, and these are not grounds for denying defendant's request to represent himself.  (See *Godinez v. Moran*, *supra*, 509 U.S. at pp. 400-401; *People v. Thomas*, *supra*, 14 Cal.5th at p. 397.)  The "critical question is not whether a self-represented defendant meets the standards of an attorney, or even whether a defendant is capable of conducting an effective defense."  (*People v. Mickel* (2016) 2 Cal.5th 181, 206.)  The "competence that is required of a defendant seeking to waive his right to counsel is the competence to *waive the right*, not the competence to represent himself." (*Godinez,* at p. 399.)  Here, the record indicates defendant had the ability to understand the proceedings and the dangers and disadvantages of self-representation, and there is not substantial evidence he lacked the competence to waive his right to counsel.

As we have described in detail *ante*, the trial court confirmed defendant understood the proceedings and the risks and disadvantages associated with representing himself, including that he could not appeal any legal mistake that he made, that he would have to follow the rules of evidence, and that he understood the nature of the alleged charges. Defendant repeatedly represented that he understood.

Defendant's request was unequivocal. Based on the record, and in particular the colloquy, we conclude that defendant's decision to represent himself was knowing, voluntary, and intelligent. It was not "an insincere request or one made under the cloud of emotion" which "may be denied." (*People v. Marshall*, *supra*, 15 Cal.4th at p. 21.)

Further, defendant's request was timely. "[A] trial court may consider the totality of the circumstances in determining whether a defendant's pretrial *Faretta* motion is timely." (*People v. Johnson* (2019) 8 Cal.5th 475, 500.) Defendant made an oral motion at a trial readiness conference, which the court further continued a week later. A four-day trial was set for the following day and the last day to bring defendant to trial was 25 days from the date he made the motion.

Thus, we agree with the parties that the trial court improperly denied defendant's motion to represent himself.

The erroneous denial of a *Faretta* motion mandates reversal. (*People v. Becerra* (2016) 63 Cal.4th 511, 520.) Accordingly, we shall reverse the order denying the motion, vacate all orders that followed the error, including the execution of sentence that resulted in the judgment being appealed, and remand the case to the trial court for further proceedings as necessary. If defendant again seeks to represent himself, the request shall be evaluated based on the record before the trial court at the time of the ruling on any such motion and shall be considered in light of this opinion.

7

## DISPOSITION

The trial court's order denying defendant's *Faretta* motion is reversed.  All orders entered thereafter are vacated, including the execution of sentence that resulted in the judgment being appealed.  The case is remanded for further proceedings as necessary.


                                                      _____/s/_____
                                                      Duarte, J.


We concur:



_____/s/_____
Hull, Acting P. J.



_____/s/_____
Wiseman, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.